IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEWAYNE DUDLEY,

    Plaintiff,

v.                                                                         Civ. No. 23-0718 KG-KK

FRANK MALDONADO,

    Defendant.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Dewayne Dudley's Letter Regarding State Civil Matter and Criminal Conviction. (Doc. 1) (Letter-Pleading). Dudley is incarcerated pursuant to a federal judgment in Cushing, Oklahoma and is proceeding *pro se*. The Letter-Pleading purports to raise legal defenses and allegations in connection with a civil lawsuit pending in New Mexico's Thirteenth Judicial District Court. (Doc. 1) at 1; Case No. D-1314-CV-2023-00362. The state docket, which is subject to judicial notice, reflects Maldonado is suing the Valencia County Board of County Commissioners, Blue Raven Services, the Valencia County Detention Center, and Dudley. (First Amended Complaint) in D-1314-CV-2023-00362; *see also* Mitchell v. Dowling, 672 F. App'x 792, 794 n. 2 (10th Cir. 2016) (federal courts may take "judicial notice of the state-court docket sheet"). Maldonado alleges Dudley sexually assaulted him while Dudley was working as a prison transport officer in 2021. (First Amended Complaint) in D-1314-CV-2023-00362. In July of 2023, Maldonado served Dudley with the First Amended Complaint, interrogatories, requests for production, and requestions for admissions. (Affidavit of Service) in D-1314-CV-2023-00362.

In the instant Letter-Pleading, Dudley alleges she[1] did not commit assault and includes factual allegations about the transport. It appears Dudley may have intended to file the Letter-Pleading in response to the complaint/discovery requests in Case No. D-1314-CV-2023-00362. If so, she should refile the Letter-Pleading in the Thirteenth Judicial District Court in Valencia County, New Mexico. That court is located at 1835 Hwy 314 SW, Los Lunas, New Mexico, 87031.

If Dudley intentionally directed the Letter-Pleading to this Court (*i.e.*, the Federal District Court in New Mexico), she must file an appropriate civil complaint within thirty days of entry of this ruling. By the same deadline, Dudley must either prepay the $402 civil filing fee or, alternatively, file a motion to proceed in forma pauperis. Any such motion must attach a copy of Dudley's inmate account statement, which reflects transactions for a six-month period. *See* 28 U.S.C. § 1915(a)(2) (requiring the account statement in prisoner cases). Dudley need not take further action in this Court if she meant to file the Letter-Pleading in state court. The failure to timely file an appropriate federal complaint and address the civil filing fee will result in dismissal of this case without prejudice to pursuing the matter in state court.

The Letter-Pleading also alleges Dudley did not receive effective assistance by counsel in the criminal proceeding stemming from Maldonado's assault. (Doc. 1) at 1. Dudley does not specify where she was convicted. A PACER search reflects she pled guilty to deprivation of rights under color of law (18 U.S.C. § 242) in the United States District Court for the Northern District of Oklahoma. (Plea Agreement) in Case No. 22-cr-227 JFH. The Oklahoma Federal Court sentenced Dudley to 180 months imprisonment. (Judgment) in Case No. 22-cr-227 JFH.

---

[1] The Letter-Pleading reflects Dewayne Dudley is a transgender woman.

Judgment was entered on July 26, 2023. *Id.*

A motion to vacate or correct sentence under 28 U.S.C. § 2255 is the proper vehicle for raising an ineffective assistance claim. *See United States v. Erickson*, 561 F.3d 1150, 1170 (10th Cir. 2009) (addressing ineffective assistance claims under Section 2255); *Hale v. Fox*, 829 F.3d 1162, 1165 (10th Cir. 2016) ("A § 2255 motion is ordinarily the only means to challenge the validity of a federal conviction following the conclusion of direct appeal."). Such motions must generally be filed in the federal sentencing court, unless the defendant can show "unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from" that venue. *Scheetz v. Ciolli*, 2023 WL 6366049, at *3 (10th Cir. Sept. 29, 2023) (quoting *Jones v. Hendrix*, 599 U.S. 465, 474 (2023)). Dudley should therefore file a Section 2255 motion in the United States District Court for the Northern District of Oklahoma, if she seeks to vacate her federal conviction. Such motion must generally be filed within one year after her conviction became final. *See* 28 U.S.C. § 2255(f) (establishing a one-year statute of limitations for Section 2255 claims).

IT IS ORDERED:

1. If Dudley intended to file the Letter-Pleading in New Mexico's Thirteenth Judicial District Court where Maldonado's civil case is pending, she shall re-direct the Letter-Pleading to that court.

2. If Dudley seeks civil relief from this Court (*i.e.,* the United States District Court for the District of New Mexico), she shall file a civil complaint within thirty (30) days of entry of this Order. By the same deadline, Dudley must also prepay the $402 civil filing fee or, alternatively, file an *in forma pauperis* motion that attaches a six-month inmate account statement.

3.  If Dudley seeks to vacate her federal conviction, she shall file a 28 U.S.C. § 2255 motion in the United States District Court for the Northern District of Oklahoma.

_____
UNITED STATES DISTRICT JUDGE