IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEWAYNE DUDLEY,

    Plaintiff,

v.                                                                Civ. No. 23-0718 KG-KK

FRANK MALDONADO,

    Defendant.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court following Plaintiff Dewayne Dudley's failure to cure deficiencies in her[1] prisoner action. Dudley is incarcerated pursuant to a federal judgment in Cushing, Oklahoma and is proceeding *pro se*. She initiated this case by filing a Letter Regarding State Civil Matter and Criminal Conviction. (Doc. 1) (Letter-Pleading). The Letter-Pleading purports to raise legal defenses and allegations in connection with a civil lawsuit pending in New Mexico's Thirteenth Judicial District Court. (Doc. 1) at 1; Case No. D-1314-CV-2023-00362.

    By a ruling entered October 18, 2023, the Court screened the Letter-Pleading and set out several options on how to proceed. (Doc. 2) (Screening Ruling). Dudley was directed to re-mail the Letter-Pleading to the state court, if she intends to raise arguments in the pending state proceeding. Alternatively, Dudley was directed to file a civil complaint and address the $402 civil filing fee within thirty days of entry of the Screening Ruling, if she intends to raise claims in this Court. The Clerk's Office mailed Dudley a blank civil rights complaint and a blank motion to proceed *in forma pauperis*. Dudley was warned that the failure to timely file a federal

---

[1] The Letter-Pleading reflects Dudley is a transgender woman.

complaint and address the filing fee in this Court will result in dismissal of this federal case without prejudice to pursuing claims in state court.

The Letter-Pleading also alleges Dudley did not receive effective assistance by counsel in a federal criminal proceeding. (Doc. 1) at 1. A PACER search reflects she pled guilty to deprivation of rights under color of law (18 U.S.C. § 242) in the United States District Court for the Northern District of Oklahoma. (Plea Agreement) in Case No. 22-cr-227 JFH. The Oklahoma Federal Court sentenced Dudley to 180 months imprisonment on July 26, 2023. (Judgment) in Case No. 22-cr-227 JFH. To raise a claim for ineffective assistance by counsel, a federal prisoner must generally file a 28 U.S.C. § 2255 motion in the sentencing court. *See United States v. Erickson*, 561 F.3d 1150, 1170 (10th Cir. 2009) (addressing ineffective assistance claims under Section 2255); *Scheetz v. Ciolli,* 2023 WL 6366049, at *3 (10th Cir. Sept. 29, 2023) (Section 2255 claims must generally be filed in the court that entered the criminal judgment). Hence, the Screening Ruling directed Dudley to file a 28 U.S.C. § 2255 motion in the Oklahoma Federal Court, if she seeks to vacate her federal conviction.

The initial deadline to file a federal complaint and address the civil filing fee in this Court was November 17, 2023. However, the first mailing containing the ruling was returned as undeliverable. (Doc. 3). The Clerk's Office re-mailed the ruling to Dudley's new address on October 31, 2023. Over thirty days have passed since that second mailing. Dudley did not file a federal complaint or address the civil filing fee, show cause for such failure, or otherwise respond to the Screening Ruling. The Court will therefore dismiss the Letter-Pleading (Doc. 1) without prejudice under Fed. R. Civ. P. 41(b) for "failure to prosecute [and] … comply with court orders." *Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003). Such dismissal has no impact on

Dudley's ability to prosecute claims in state court or file a Section 2255 motion in the Oklahoma Federal Court.

IT IS ORDERED:

1. Plaintiff Dewayne Dudley's Letter Regarding State Civil Matter and Criminal Conviction (Doc. 1) is dismissed without prejudice.

2. The Court will enter a separate judgment closing this federal civil case.

_____
UNITED STATES DISTRICT JUDGE